<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WEST,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROL GILLAN, *et al.*,<br><br>    Defendants. | No. 25cv12164 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Michael West alleges deprivation of his rights under the Fourth and Fifth Amendments of the United States Constitution. D.E. 1 ("Complaint"). Plaintiff has neither paid the applicable $350 filing fee for a civil case under 28 U.S.C. § 1914(a), nor the $55 administrative fee under Appendix K to the Local Civil Rules.

With his Complaint, Plaintiff submitted a document styled as an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). D.E. 1-3 ("First IFP Application"). However, Plaintiff did not use the proper form required by the Court (Form AO 239, available at https://www.njd.uscourts.gov/sites/njd/files/forms/AO-239.pdf). On August 26, 2025, the Court accordingly entered an order explaining that Plaintiff had not met the requirements for IFP status and informing Plaintiff that he must either pay the filing and administrative fees or submit a properly completed IFP application on Form AO 239 (with which the Court provided Plaintiff). D.E. 5.

Plaintiff did not file a properly completed IFP application on Form AO 239 as ordered by the Court. Instead, he filed an application on the incorrect form. D.E. 6 ("Second IFP Application"). On October 27, 2025, the Court accordingly entered a second order explaining that

Plaintiff had not met the requirements for IFP status and informing Plaintiff that he must either pay the filing and administrative fees or submit a properly completed IFP application on Form AO 239 (with which the Court again provided Plaintiff).  D.E. 7.

Plaintiff has now submitted an IFP application on the correct form.  D.E. 8 ("Third IFP Application").  Upon review of Plaintiff's Third IFP Application, however, it appears that he has not provided all the necessary information required by the instructions set forth in the application, which requires applicants to "[c]omplete all questions in [the] application" and instructs applicants "not [to] leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response."  *See* Third IFP Application at 1.  Here, Plaintiff's Third IFP Application has numerous blank entries, including, but not limited to, as requested in Question 4, "[h]ow much cash" he has, and the entirety of Question 7.  *See id.* at 1–5.  The Court is therefore "unable to determine whether Plaintiff has the ability to pay fees and costs."  *Watson v. Washington Twp. of Gloucester Cty. Pub. Sch. Dist.*, No. 09-3650, 2009 WL 2778282, at *2 (D.N.J. Aug. 28, 2009).

Accordingly,

**IT IS**, on this 28th day of January 2026,

**ORDERED** that Plaintiff's Third IFP Application, D.E. 8, is **DENIED** *without prejudice*; and it is further

**ORDERED** that if Plaintiff wishes to reopen this action he shall either, within **30 days** of entry of this Order:  (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a) and Appendix K to the Local Civil Rules; or (2) submit a properly completed IFP application on Form AO 239, available at https://www.njd.uscourts.gov/sites/njd/files/forms/AO-239.pdf; and it is further

**ORDERED** that the Clerk of Court shall send Plaintiff a blank Form AO 239 by regular mail; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

_____
Evelyn Padin, U.S.D.J.