<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MICHAEL WEST,

     Plaintiff,

     v.

CAROL GILLEN, *et al.*,

     Defendants.

No. 25cv12164 (EP) (JBC)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Michael West filed a complaint against a group of attorneys, including Carol Gillen of the Newark Federal Defender's Office, former U.S. Attorney for the District of New Jersey Paul J. Fishman, and several former and current Assistant U.S. Attorneys.  D.E. 1 ("Complaint" or "Compl.").  Plaintiff alleges that Defendants violated his rights under the Fourth and Fifth Amendments of the Constitution by unlawfully gathering evidence for and participating in his conviction stemming from his October 19, 2010, arrest.  *Id.* at 2–3.[1]

Plaintiff also seeks to proceed *in forma pauperis* ("IFP").  D.E. 11 ("Fourth IFP Application").[2]  Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's Fourth IFP Application.  The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim and allow Plaintiff **30 days** to file a proposed amended complaint.

---

[1] For ease of reference, the Court uses the page numbers automatically generated by CM/ECF.

[2] The Court previously denied Plaintiff's first three IFP applications because they were not properly completed.  *See* D.Es. 5, 7, 10.

## I.    LEGAL STANDARD

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).[3] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

---

[3] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

A *pro se* plaintiff's complaint must be liberally construed.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## II.    ANALYSIS

### A.    The Court Will Grant Plaintiff's Fourth IFP Application

Having reviewed Plaintiff's Fourth IFP Application, the Court determines that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601.  Therefore, the Court will **GRANT** Plaintiff's Fourth IFP Application.

### B.    Plaintiff's Claims Must Be Dismissed Because They Implicate His Conviction or Sentence

Plaintiff's claims arise from his 2010 arrest and the subsequent criminal proceeding that resulted in Plaintiff's conviction of two counts of possession of child pornography.  *See* Compl. at 2–4; *see generally United States v. West*, Crim No. 12-322 (D.N.J.).[4]  Plaintiff alleges that his search, seizure, and arrest were unlawful and that Defendants' role in "orchestrating" and then prosecuting (and defending) the case resulting from that search, seizure, and arrest violated his rights under the Fourth and Fifth Amendments because the charges were "fabricat[ed]" and the conviction was "coerc[ed]." *See* Compl. at 2–4.[5]

---

[4] "The Court may take judicial notice of Plaintiff's criminal proceedings in connection with its screening under § 1915(e)(2)(B)." *West v. Bureau of Prisons*, No. 19-18687, 2019 WL 6242973, at *1 n.2 (D.N.J. Nov. 22, 2019) (citing *Cline v. Special Treatment Unit*, No. 13-5234, 2014 WL 1340026, at *2 n.2 (D.N.J. Mar. 31, 2014)).

[5] Because Plaintiff complains of actions taken by Defendants when they were—or were in a conspiracy with—state actors, *see* Compl. at 2–4, the Court construes Plaintiff's Complaint as bringing his constitutional claims under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48

3

Because Plaintiff is essentially asking the Court to invalidate his criminal conviction and its attendant consequences, the Court finds that his Complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, "the Supreme Court held that a 1983 suit should be dismissed when a 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (quoting *Heck*, 512 U.S. at 487). Here, Plaintiff's Complaint "seeks the sort of relief that is plainly barred by *Heck* because he seeks § 1983 relief on the ground that [D]efendants conspired to obtain a . . . conviction against him, but he has not demonstrated that his conviction has already been invalidated." *See id.* In fact, far from demonstrating that his conviction has been invalidated, Plaintiff's claims stem from what he alleges is ongoing harm from his conviction, *see* Compl. at 3 (discussing his ongoing sex offender registration requirements based on his conviction), further indicating that his conviction has not been reversed, expunged, or invalidated. [6]

_____

(1988) (explaining that to state a claim under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law).

[6] It is unclear whether Plaintiff is bringing a claim for false arrest but, to the extent he is, the Court recognizes that a false arrest claim may not "necessarily implicate the validity of a conviction or sentence" because "a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest." *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998). The Court nevertheless finds that, even if Plaintiff has brought a false arrest claim and even if that claim is not barred by *Heck*, such a false arrest claim is barred by the statute of limitations. Plaintiff was arrested in October 2010, nearly fifteen years before Plaintiff brought this action, *see* Dkt. And a two-year statute of limitations applies to any such claim because: (1) federal courts look to state law to determine limitation periods for § 1983 claims, *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859 (3d Cir. 2014); (2) civil rights/constitutional tort claims are government by a state's statute of limitations for personal injury actions, *id.*; (3) the arrest took place in New Jersey, so New Jersey's two-year limitations period on personal injury action governs, *see id.*; and (4) false arrest claims accrue on the day of arrest, *see Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011). Accordingly, even if not barred by *Heck*, any false arrest claim brought by Plaintiff is time-barred.

4

The Court will accordingly **DISMISS** Plaintiff's Complaint *without prejudice* because his claims are barred by *Heck* and/or time-barred. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (explaining that dismissals under *Heck* must be dismissals without prejudice).

## III.    CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this **10ᵗʰ** day of April 2026,

**ORDERED** that Plaintiff's Fourth IFP Application, D.E. 11, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall file Plaintiff's Complaint, D.E. 1, without prepayment of the filing fee; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **30 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that upon Plaintiff's timely filing of a proposed amended complaint, the Clerk of Court shall **REOPEN** this case; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send via regular mail a copy of this Memorandum Order to Plaintiff.

Evelyn Padin, U.S.D.J.

5